**GLUCK LAW FIRM**
Jeffrey S. Gluck (SBN 304555)
jeff@gluckip.com
16950 Via De Santa Fe
Rancho Santa Fe, California 92067
Telephone: (310) 776-7413

**DONIGER / BURROUGHS**
Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Andres Navarro (SBN 358499)
anavarro@donigerlawfirm.com
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

COLE SMITH, pka "DISA," an individual; REECE DEARDON, pka "SNOK," an individual; and HARRY MATTHEWS, pka "RENNEE," an individual;

Plaintiffs,

v.

VIVIENNE WESTWOOD, INC., a United Kingdom corporation; FARFETCH UK LIMITED, a United Kingdom Corporation; LYST INC, a United Kingdom Corporation; and DOES 1-10, inclusive;

Defendants.

Case No. _____

**COMPLAINT FOR:**

**I. Unfair Competition under Section 43(a) of The Lanham Act, False Endorsement (15 U.S.C. § 1125(a));**
**II. Unfair Competition under California Business and Professions Code §§ 17200, et seq.;**
**III. Unfair Competition under California Common Law;**
**IV. Relief for Violation of California Civil Code § 3344;**
**V. Misappropriation of Likeness under California Common Law;**
**VI. Copyright Infringement; and**
**VII. Violation of 17 U.S.C. § 1202**

**JURY TRIAL DEMANDED**

Plaintiff COLE SMITH, professionally known as (and referred to here as) "DISA"; REECE DEARDON professionally known as (and referred to here as) "SNOK"; and HARRY MATTHEWS, professionally known as (and referred to here as) "RENNEE" (collectively, the "Artists") hereby complain against Defendants, and each of them, as follows.

## SUMMARY OF THE CASE

1.     DISA, SNOK and RENNEE are well-known as graffiti and street artists. As such, their "tags" – artwork reflecting among other thing their elaborately expressed signatures or names – are their primary calling cards and source identifiers of their artworks and themselves. The artists are universally recognized as pioneers of street art; and any fan would instantly recognize their tags.[1]   Representative examples of Artists' tags in their well-known signature styles are shown below:

///

///

///

---

[1] Street art is no longer a small or alternative segment of the art world. It is legitimate art, certainly deserving of the customary copyright protection afforded to the visual arts. Indeed, it is fair to say that more people are enthusiasts of street art today than of any other genre, including French Impressionism and abstract expressionism. This is not to say that street art is only for the masses. Many museum shows have been devoted to the subject, including the Los Angeles Museum of Contemporary Art's groundbreaking *Art in the Streets* exhibition in 2011, which has been estimated to be the best attended exhibit in the museum's history. *Art in the Streets*, *available at* https://en.wikipedia.org/wiki/Art_in_the_Streets. The most famous street artist is Banksy, whose works can sell for millions of dollars, and are often extracted from random walls on which they appear.



2.      Defendant VIVIENNE WESTWOOD has inexplicably, and without notice, let alone consent, prominently splashed Artists' work across their apparel in a transparent effort to lend credibility and an aur of urban cool to their apparel by coopting the Plaintiff's special combination of graffiti style and street are bona fides. In doing so, VIVIENNE WESTWOOD seeks to convey that Artists are affiliated with and endorse both VIVIENNE WESTWOOD and its apparel. Examples of the

infringing products (implementing verbatim and mechanical copies of the Artists' work) are below:

| Infringing Garment Exemplars | Infringing Garment Exemplars |
|---|---|
|   |  |

3.     Defendant VIVIENNE WESTWOOD indisputably exploited not only, Plaintiff's art, but their tags – a piece of work that is deeply personal and determinative

of their identity as street artists. As seen by the exhibit below, there are substantial similarities between VIVIENNE WESTWOOD's "GRAFFITI" pattern and the Artists' tags:







4.      VIVIENNE WESTWOOD's suggestion of association with Artists (and their recognized independent artistic integrity) is of course false and misleading. Besides defrauding its customers and thereby generating huge revenues based on the purported affiliation with the Artists, VIVIENNE WESTWOOD's false claims of endorsement and affiliation harms Plaintiff's reputations by causing the world to think that they are corporate sellouts, willing to trade their artistic independence, legacy and credibility for a quick buck, which could not be farther from the truth.

5.      VIVIENNE WESTWOOD has been in controversies multiple times over the last two decades as the brand consistently displays disrespect and disregard for the integrity of independent artists' work. Further, VIVIENNE WESTWOOD has not altered or modified the Artists' work but simply reproduced it on top of or incorporated into its own inauthentic and unartful design.

6.      Indeed, VIVIENNE WESTWOOD was the target of a major social media controversy in 2016 due to fans calling out that the brand had stolen art from

an independent Spanish artist. Paralleling the plight of the Artists in this case, VIVIENNE WESTWOOD had taken the artist's work and mass-produced identical copies on t-shirts for public consumption, without permission and without crediting the independent artist. The dispute was resolved due to the mass amount of social media attention brought to the brand by an outraged public, further debasing VIVIENE WESTWOOD's reputation. This makes the damage of the false association with Plaintiffs, as suggested by VIVIENNE WESTWOOD, extremely damaging.

7. VIVIENNE WESTWOOD's unsanctioned commercial exploitation steals the Artists' work and namesakes as though they were just another fast fashion commodity to sell t-shirts – to be fashioned as VIVIENNE WESTWOOD sees fit – to boost revenues from the hip street art demographic without seeking permission or a license. VIVIENNE WESTWOOD continues to market, publish, and sell the infringing products despite continued requests to cease and desist from the Artists.

## JURISDICTION AND VENUE

8. This Court has original subject matter jurisdiction over this action and the claims asserted herein, pursuant to 28 U.S.C. Sections 1331 ("federal question jurisdiction") and 1338(a)-(b) ("patent, copyright, trademark and unfair competition jurisdiction") in that this action arises under the laws of the United States and, more specifically, Acts of Congress relating to patents, copyrights, trademarks, and unfair competition. This Court has subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. Section 1367(a) ("supplemental jurisdiction") in that they are

so related to the federal law intellectual property claims in the action that they form part of the same case or controversy under Article III of the United States Constitution.

9.    Defendants are subject to the personal jurisdiction of the Court because their products, including these infringing fashion products which form the subject matter of this actions, were distributed in and expressly targeted California residents and retails, and in particular residents of this District. On information and belief, Defendants avail themselves of sales into this California District, via online sales and through brick-and-mortar shops; and specifically target retail and wholesale customers in the West Coat market (which is chiefly California) through its flagship store and United States headquarters, both of which are located in Los Angeles, California. On information and belief, Defendants have sold infringing products in California. Venue is proper in this District pursuant to 28 U.S.C. Section 1391(b)(1)-(3) for the same reasons.

## THE PARTIES

10.    Plaintiff Cole Smith, an individual residing in Margate, United Kingdom (professionally known as "DISA") is a widely known and highly regarded street artist.

11.    Plaintiff Reece Deardon, an individual residing at 36 Wellesley Road, Margate, CT9 2UK, UK (professionally known as "SNOK"). Plaintiff is a prominent artist within the street art world whose artwork and street tag are widely recognizable.

12.    Plaintiff Harry Matthews, an individual residing at 14 Victoria Avenue, Westgate on the Sea, CT8 8BL, UK (professionally known as "RENNEE"), is a popular and highly influential artist within the street art world.

13.    Defendant VIVIENNE WESTWOOD is a corporation formed in London, United Kingdom, who does business in California and has corporate headquarters at 8320 Melrose Ave, Los Angeles, California 90069.

14.    Defendant FARFETCH is a corporation formed in England with its registered office located at The Bower, 211 Old Street, London, EC1V 9NR. FARFETCH is an online fashion retailer that has marketed and sold the infringing goods produced by VIVIENNE WESTWOOD, which are the subject of this litigation.

15.    Defendant LYST is incorporated formed in England and Wales with its registered office located at The Minister building, 7th Floor, 21 Mincing Land, London, EC3R 7AG, United Kingdom. LYST is an online fashion retailer that has marketed and sold the infringing goods produced by VIVIENNE WESTWOOD, which are the subject of this litigation.

16.    Plaintiffs are ignorant of the true names and capacities of the Defendants sued herein as Does 1-10, inclusive, and therefore sue said Defendants by such fictitious names. Plaintiffs will amend this Complaint to allege the true names and capacities when the same has been ascertained. Plaintiffs are informed and believe, and thereon allege, that each fictitiously named Defendant is responsible in some

manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by their conduct. Each of the Defendants acted as an agent for each of the other Defendants in doing the acts alleged, and each Defendant ratified and otherwise adopted the acts and statements performed, made or carried out by the other Defendants so as to make them directly and vicariously liable to the Plaintiffs for the conduct complained of herein.

## GENERAL ALLEGATIONS

17.    Street Art is an art style which developed in urban spaces but has since evolved to equally occupy galleries and contemporary art museums. It has become an object of appropriation by popular culture and there have been numerous attempts to commercialize and cash in on its expanding popularity. Street art and artists over the last few decades have grown in stature and emerged as one of the most popular genres in art. What was once an illegal activity has grown into a variety of forms of artistic styles and expressions, and eventually found its way to galleries and the modern art market worldwide. And merchandise incorporating such art has gained massive popularity.

18.    In the urban context, street art often gains prominence through aesthetics and repetition DISA, SNOK and RENEE are artists who through a unique aesthetic, a strong creative vision, and consistent output have achieved popularity within the street art community and reached a level of notoriety within mainstream pop culture.

DISA, SNOK and RENEE's trademarks and tags, have been built through skill and consistent use over prolonged time periods.

19.     Artwork reflecting "tags" is a cornerstone of street art culture[2]—which is now trumpeted not just in popular culture but in scholarly books and major museum exhibitions. Street art and graffiti always reference and harken back to their cultural origins, in which youths from marginalized groups spray-painted their (coded) identities on subway cars or abandoned buildings, as a way of expressing to the world that they exist and matter. Indeed, in street art, calling out one's name is often central to the work, as a way for individual members of marginalized groups to claim agency and identity. Within the traditions and conventions of contemporary art, consumers are accustomed to recognizing street art incorporating signatures, or tags, as indictors of source.

20.     Against this backdrop, Defendants' craven use of Plaintiffs' tags to sell their mass-market apparel suggest complete and indifference and considerable disrespect to the Artists; reputations and credibility, and further, to the entire culture and history of street art. The Artists are demeaned, and their reputations are diminished by a false association with an entity who has proven a continued pattern of deplorable disregard towards independent artists and street art. In a culture where association with philistines is a death knell, street artists like Plaintiffs hold their

---

[2] One can observe the importance of tags in the ascendance of graffiti and street art culture as far back as the early 1980s, as depicted by the street art history film of great repute, *Wild Style*. *See*, *e.g.*, https://www.vulture.com/2020/09/the-timeless-honesty-of-wild-style-the-first-hip-hop-movie.html

artistic integrity dear enough to die for it. VIVIENNE WESTWOOD knowingly violated this sacrosanct space to sell some clothing at the expense of the Artists' career and reputation.

21.    Defendants knew, or should have known, that seeking a license from the Artists to use their name and copyrighted artwork was a condition precedent to trying to make money using their names and copyrighted artwork. Defendants instead chose to *surreptitiously* move forward with commercializing their personas and signatures without permission, or any attempts to license the Artists' intellectual property at all, hoping that the Artists would not become aware of Defendants' misconduct.

22.    Due to Defendants' misconduct as alleged herein, Plaintiffs' reputations, and thus the financial value of their work, and active careers, have been irreparably harmed, diminished, and tarnished—reducing the value of their work and personal brands, and causing decreased revenue in the future from other potential uses of their personas.

23.    Defendants continue to sell and advertise the subject apparel despite the Artists' demands to cease and desist.

24.    FARFETCH, LYST and DOES 1-10 too benefitted from the misappropriation and infringement in numerous ways, including but not limited to the following: (1) they enjoyed the increased sales generated by the use; (2) the association with the Artists increased the value, goodwill, image and position of their brands; and (3) the Artists' name and artwork market their brands to a hard-to0reach

demographic of street art connoisseurs that the brands' relatively bland and main-stream image would not otherwise reach.

25.    VIVIENNE WESTWOOD benefitted from the misappropriation and infringement in numerous ways, including but not limited to the following: (1) they enjoyed the increased sales generated by the use; (2) the associated with the Artists increased the value, goodwill, image, and positioning of the VIVIENNE WESTWOOD brand; and (3) the Artists' name and artwork market VIVIENNE WESTWOOD to a hard-to-reach demographic of street art connoisseurs that the brand would not otherwise reach.

26.    Plaintiffs have sustained significant injury and monetary damages due to Defendants' wrongful acts as alleged in this Complaint. Plaintiffs are at present unable to ascertain the full extent of the monetary damages they have suffered by reason of said acts. To determine the full extent of such damages, including such profits of Defendants as may be recoverable, Plaintiffs will require an accounting from each Defendant of all monies generated from their wrongful conduct.

27.    Plaintiffs are informed and believe, and thereon allege, that Defendants' alleged conduct was, and continues to be, intentional, deliberate, willful, wanton, committed with the intention of injuring Plaintiffs, and depriving Plaintiffs of their legal rights; was, and is, despicable conduct that subjects Plaintiffs to a cruel and unjust hardship; and was, and continues to be, undertaken with oppression, fraud and

malice. Accordingly, Plaintiffs are entitled to an award of punitive or exemplary damages.

28.    Defendants' actions have caused, and will continue to cause, damage and irreparable harm to Plaintiff (as described above) and are likely to continue unabated, thereby causing further damage and irreparable harm to Plaintiffs, unless preliminarily and permanently enjoined and restrained by the Court.

**First Claim for Relief for Unfair Competition under Section 42(a) of**

**The Lanham Act, False Endorsement (15 U.S.C. § 1125(a))**

**(By DISA, SNOK and RENNEE, against all Defendants)**

29.    Plaintiffs incorporate by this reference all paragraphs of this Complaint as if set forth in full in this cause of action.

30.    The Artists' signatures and names have secondary meaning, as that term is understood in trademark law. As described above, Defendants have falsely used artwork reflecting the Artists' names and signatures on apparel, creating the false impression that the Artists endorse VIVIENNE WESTWOOD, FARFETCH and LYST. Members of the public have come to recognize the Artists' signatures and names as suggestive of the Artists' involvement or endorsement when they are used in commerce. Defendants made a calculated and underhanded effort to promote their products and attract customers using the goodwill and recognition that many have come to associate with the Artists' names and the Artists' signatures, thereby generating revenue for Defendants.

31.    The goodwill and reputation associated with the Artists' names and signatures are significant throughout the general public. The Artists' names and signatures are known throughout the United States, the State of California, and the world, as a source of origin for their artwork, services and endorsements.

32.    Defendants' use of the Artists' names and signatures is designed to create and does create the false and deceptive commercial impression that Defendants and their products are associated with and/or endorsed by the Artists. The use by Defendants of the Artists' names, artwork, and signatures is likely to cause confusion, mistake, or deception of purchasers as to the Artists' endorsement of the goods.

33.    Customers and potential purchasers are likely to be attracted to Defendants' goods as a result of the misconduct described herein. Such goods enjoy an elevated standing as a result of a false association with the Artists.

34.    Defendants' conduct alleged here, Defendants have wrongfully appropriated for itself business and goodwill value that properly belongs to the Artists and that the Artists have invested time, money, and energy in developing.

35.    By reason of Defendants' acts of unfair competition as alleged herein, the Artists have suffered and will continue to suffer substantial damages to their businesses in the form of diversion of trade, loss of profits, and a dilution in the value of her rights and reputation, all in amounts which are not yet ascertainable but which are estimated to be not less than the jurisdictional minimum of this court.

36.     By virtue of Defendants' acts hereinabove described, Defendants have committed, and are continuing to commit, unlawful, unfair, and fraudulent business acts in violation of, *inter alia*, 15 U.S.C. § 1125(a).

37.     Defendants' acts of unfair competition in violation of 15 U.S.C. § 1125(a) have caused, and will continue to cause, damage and irreparable harm to the Artists (as described above) and are likely to continue unabated, thereby causing further damage and irreparable harm to the Artists, and to the goodwill associated with the Artists' valuable and well-known names and signatures; and the Artists' business relationships, unless preliminarily and permanently enjoined and restrained by the Court.

38.     The Artists have no adequate remedy at law and will suffer irreparable injury if Defendants are allowed to continue to engage in the wrongful conduct herein described.

39.     In committing these acts of unfair competition, Defendants acted willfully, wantonly, and recklessly; and with conscious disregard for the Artists' rights. The Artists are therefore entitled to actual and statutory damages as allowed by law.

**Second Claim for Relief for Unfair Competition under**

**California Business and professions Code §§ 17200, *et seq.***

**(By DISA, SNOK, and RENNEE, against all Defendants)**

40.    Plaintiffs incorporate by this reference all paragraphs of this Complaint as if set forth in full in this cause of action.

41.    Defendants, by means of the conduct described above, have engaged in, and are engaging in, unlawful, unfair, fraudulent and deceptive business practices under California Business and Professions Code §§ 17200 through 17203. These acts and practices undertaken by Defendants violate California Business & Professions Code § 17200 in that they are—as described above—unfair, fraudulent, and/or unlawful. Specifically, without limiting the generality of the foregoing, such acts and practices constitute violations of the Lanham Act, and are and were fraudulent in that: (a) Defendants seek to deceive consumers regarding Defendants' association with Plaintiffs, and (b) the general public and trade is likely to be confused regarding the business relationship between the Artists and Defendants. Further, without limiting the generality of the foregoing, the harm to the Artists and to members of the general public far outweighs the utility of Defendants' practices and, consequently, Defendants' practices constitute an unfair business act or practice within the meaning of Business and Professions Code § 17200.

42.    The Artists have sustained, and will continue to sustain, serious and irreparable injury to their businesses and reputation, as a direct and proximate result of Defendants' conduct (as described above). Unless Defendants are enjoined by this Court, there is a substantial possibility that they will continue to engage in such unlawful, unfair, and deceptive business practices, for which the Artists are without

an adequate remedy at law. Accordingly, the Artists are entitled to a preliminary injunction and permanent injunction against Defendants and their officers, directors, employees, agents, representatives, affiliates, subsidiaries, distributors, and all persons acting in concert with them, prohibiting them from engaging in further unlawful, unfair and/or fraudulent business practices.

43.    As a direct result of Defendants' unlawful, unfair, fraudulent, and deceptive business practices, Defendants have received, and continue to receive, income and profits that they would not have earned but for their unlawful, unfair, and deceptive conduct and the Artists are entitled to disgorgement of such funds wrongfully obtained.

44.    By reason of Defendants' acts of unfair competition as alleged herein, the Artists have suffered and will continue to suffer substantial damage to their businesses in the form of loss of profits, and a dilution in the value of their rights and reputations, all in amounts which are not yet ascertainable, but which are estimated to be not less than the jurisdictional minimum of this court.

45.    The Artists are also entitled under the provisions of Business and Professions Code §17208 to an injunction prohibiting Defendants, and each of them, from engaging in any act, directly or indirectly, which constitute unlawful, unfair, and deceptive business practices.

46.    In committing these acts of unfair competition, Defendants acted willfully, wantonly, and recklessly; and with conscious disregard for the Artists'

rights. The Artists are therefore entitled to actual and statutory damages as allowed by law.

47.    Defendants' conduct, if allowed to proceed and continue and/or let stand, will cause irreparable damage to the Artists' valuable business relationships and consumer relations and will require the Artists to undertake efforts to mitigate damage to such relations, all to the Artists' detriment.  Further, such mitigation costs will require substantial time, effort, and expenditures by the Artists, all to the Artists' detriment.

**Third Claim for Relief for Unfair Competition under**

**California Common Law**

**(By DISA, SNOK and RENNEE against all Defendants)**

48.    Plaintiffs incorporate by this reference all paragraphs of this Complaint as if set forth in full in this cause of action.

49.    The above-described conduct of Defendants constitutes unfair competition under the common law of the State of California.

50.    As a result of Defendants' actions, the Artists have been damaged in an amount to be proven at trial.

**Fourth Claim for Relief for Violation of California Civil Code § 3344 & 3344.1**

**(By DISA, SNOK and RNENEE, against all Defendants)**

51.    Plaintiff incorporates by this reference all paragraphs of this Complaint as if set forth in full in this cause of action.

52.    California Civil Code § 3344(a) provides:

"Any person who knowingly uses another's **name**, voice, **signature**, photograph, or likeness, in any manner on or in products, merchandise, or goods, or for purposes of advertising or selling, or soliciting purchases of products, merchandise, goods or services, without such person's prior consent, or, in the case of a minor, the prior consent of his parent or legal guardian, shall be liable for any damages sustained by the person or persons injured as a result thereof. In addition, in any action brought under this section, the person who violated the section shall be liable to the injured party or parties in an amount equal to the greater of seven hundred fifty dollars ($750) or the actual damages suffered by him or her as a result of the unauthorized use, and any profits from the unauthorized use that are attributable to the use and are not taken into account in computing the actual damages. In establishing such profits, the injured party or parties are required to prove his or her deductible expenses. Punitive damages may also be awarded to the injured party or parties. The prevailing party in any action under this section shall also be entitled to attorney's fees and costs." (emphasis added)

53.    Defendants' conduct alleged above, constitutes a violation of Section 3344 of the California Civil Code with respect to DISA, SNOK and RENNEE because Defendants knowingly used Plaintiffs' respective names and/or signatures for commercial purposes without authorization.

54.    Each such use was unequivocally and directly for purposes of advertising or selling, or soliciting purchases of products, merchandise, goods, or services by Defendants, such that prior consent was required.

55.    As a direct and proximate result of Defendants' wrongful acts, Plaintiffs have been damaged in an amount that is not yet fully ascertainable, but which exceeds the jurisdictional minimum of this court.

56.    Plaintiffs are informed and believe based thereon alleges that Defendants, in committing the above-described actions, acted willfully, maliciously, and oppressively, and with full knowledge of the adverse effects of their actions on Plaintiffs, and with willful and deliberate disregard for the consequences to Plaintiffs. By reason thereof, Plaintiffs are entitled to recover statutory, punitive, and exemplary damages from Defendants, in an amount to be determined at the time of trial.

57.    Plaintiffs seek actual and statutory damages under this section, as well as their costs and attorneys' fees. They also seek a preliminary and permanent injunction to prohibit Defendants from any further use of his name or persona for Defendants' advantage.

**Fifth Claim for Relief for Misappropriation of Likeness under California Common Law**

**(By DISA, SNOK and RENNEE against all Defendants)**

58.    Plaintiffs incorporate by this reference all paragraphs of this Complaint as if set forth in full in this cause of action.

59.    Defendants' conduct alleged above constitutes a violation of the Artists' common law rights of publicity and privacy, because Defendants knowingly used the Artists' names and signatures for their advantage and without authorization.

60.    The Artists are informed and believe and based thereon allege that Defendants in committing the above-described actions, acted willfully, maliciously, and oppressively, and with full knowledge of the adverse effects of their actions on

the Artists, and with willful and deliberate disregard for the consequences to the Artists. By reason thereof, Plaintiffs are entitled to recover punitive and exemplary damages from Defendants in an amount to be determined at the time of trial.

61.     Plaintiffs also seek a preliminary and permanent injunction to prohibit Defendants from any further use of the Artists' names and signatures for Defendants' advantage. They also seek actual damages.

## Sixth Claim for Copyright Infringement

## (By DISA, SNOK and RENNEE against all Defendants)

62.     Plaintiff incorporates herein by this reference all preceding paragraphs as if set forth in full in this cause of action.

63.     Subsequent to Plaintiffs' creation of the artworks and and (on information and belief) with full knowledge that they required the permission of the copyright holders, Defendants infringed the copyrights by copying and reproducing the artwork as described above in order to enhance their brand image, and attract customers, and trade off of Plaintiffs' hard-earned goodwill. All of Defendants' acts were performed without the permission, license or consent of Plaintiff.

64.     By reason of Defendants' acts of copyright infringement as alleged herein, Plaintiffs have suffered and will continue to suffer substantial damage to Plaintiffs' businesses in the form of diversion of trade, loss of profits, and a diminishment in the value of Plaintiffs' works, rights, and reputation, in part as described above, all in amounts that are not yet ascertainable but not less than the

jurisdictional minimum of this court. As a result of Defendants' misconduct as alleged herein, Plaintiffs' reputation and career has been irreparably tarnished, diminishing the value of Plaintiffs' works, and decreasing revenue derived from his work.

65.    By reason of its infringement of Plaintiffs' copyrights as alleged herein, Defendants are liable to Plaintiffs for the actual damages incurred by Plaintiffs as a result of the infringements, and for any of Defendants' profits directly or indirectly attributable to such infringement.

66.    Defendants' copying was willful, as alleged above.

**Seventh Claim for Relief for Violation of 17 U.S.C. § 1202**

**(By DISA, SNOK, and RENNEE against all Defendants)**

67.    Plaintiff incorporates by this reference all prior paragraphs as if set forth in full in this cause of action.

68.    Section 1202(a) of the Digital Millennium Copyright Act ("DMCA") provides that "no person shall knowingly and with the intent to induce, enable, facilitate, or conceal infringement: (1) provide copyright management information that is false, or (2) distribute or import for distribution copyright management information that is false." 17 U.S.C. § 1202(a). The VIVIENNE WESTWOOD apparel pictured above contains copyright management information protected under 17 U.S.C. Section 1202(b), including Plaintiffs' signature. And 17 U.S.C. § 1202(b), forbids the intentional removal or alteration of any copyright management information ("CMI").

69.    As alleged above, Defendants provided false copyright management information (namely, Plaintiffs' tags) with respect to the subject apparel. The defendants did so in order to facilitate and enable the alleged infringement above.

70.    Defendants intentionally provided false copyright management information, as alleged above. In doing so, they removed Plaintiffs' work from the context in which it was created, and removed and altered Plaintiffs' CMI in doing so.

71.    Defendants' removal of Plaintiffs' CMI, falsification of their CMI, and distribution of production bearing false CMI, was done without Plaintiff's knowledge or authorization. Defendants' conduct violates 17 U.S.C. Section 1202.

72.    On information and belief, Defendants' falsification of copyright management information was done intentionally, knowingly, and with the intent to facilitate and enable Defendants' copyright infringement alleged above.

73.    Plaintiff has sustained significant injury and monetary damages as a result of Defendants' wrongful acts as alleged above. Plaintiff is at present unable to ascertain the full extent of the monetary damages he has suffered by reason of said acts. In order to determine the full extent of such damages, including such profits of Defendant as may be recoverable under 17 U.S.C. Section 1203, Plaintiff requires an accounting from each Defendant of all monies generated from their wrongful falsification, alteration, and removal of Plaintiff's copyright management information. In the alternative, Plaintiff elects to recover statutory damages pursuant

to 17 U.S.C. Section 1203(c)(3) in a sum of not more than $25,000 from each Defendant for each violation of 17 U.S.C. 1202.

74.     Upon information and belief, Defendant distributed the Infringing Product with the knowledge that doing so would induce, enable, facilitate, or conceal an infringement of Plaintiffs' rights under the Copyright Act, 17 U.S.C. § 101 *et seq*.

75.     Defendant engaged in these activities without the consent or authorization of Plaintiff.

76.     Plaintiffs have been injured and will continue to suffer injury as a result of Defendants' violations of 17 U.S.C. § 1202 and is entitled to injunctive relief, impoundment of the infringing products, statutory and monetary damages, costs and attorneys' fees according to proof.

## PRAYER

WHEREFORE, Plaintiffs pray judgment against Defendants as follows:

1.     That Plaintiffs are awarded all damages, including future damages, that Plaintiffs have sustained, or will sustain, due to the acts complained of herein, subject to proof at trial;

2.     That Plaintiffs are awarded their costs and expenses in this action;

3.     That Plaintiffs are awarded their attorneys' fees;

4.     For an order permanently enjoing Defendants and their employees, agents, servants, attorneys, representatives, successors, and assigns, and all persons

1  in active concert or participation with any of them, from engaging in the misconduct

2  referenced herein.

3                          **DEMAND FOR JURY TRIAL**

4

5         Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ.

6  P. 38 and the 7th Amendment to the United States Constitution.

7

8                                              Respectfully submitted,

9

10 Date: February 12, 2025              **DONIGER / BURROUGHS**

11

12                              By:    */s/ Scott Alan Burroughs*
                                      Scott Alan Burroughs, Esq.
13                                    Andres Navarro, Esq.
                                      For the Plaintiffs
14

15 Date: February 12, 2025              **GLUCK LAW FIRM**

16

17                              By:    */s/ Jeff Gluck*
                                      Jeff Gluck, Esq.
18                                    For the Plaintiffs

19

20

21

22

23

24

25

26

27

28