Nathan Dooley (Ca Bar No. 224331)
COZEN O'CONNOR
601 S. Figueroa Street, Suite 3700
Los Angeles, CA 90017
Tel: (213) 892-7933
Fax: (213) 892-7999
NDooley@cozen.com

Barry Golob (*Pro Hac Vice* Forthcoming)
COZEN O'CONNOR
1200 19th Street NW
Washington, DC 20036
Tel: (202) 912-4815
Fax: (202) 618-4843
BGolob@cozen.com

David Stahl (*Pro Hac Vice* forthcoming)
COZEN O'CONNOR
200 South Biscayne Blvd., Suite 3000
Miami, FL 33131
Tel: (305) 397-0807
Fax: (305) 704-5955
DStahl@cozen.com

Madison McNulty (*Pro Hac Vice* forthcoming)
COZEN O'CONNOR
1650 Market St, Suite 2800
Philadelphia, PA 19103
Tel: (215) 665-5562
Fax: (215) 665-2013
MMcNulty@cozen.com

*Attorneys for Defendants Vivienne Westwood Limited, Latimo S.A., and Vivienne Westwood S.R.L.*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| COLE SMITH, pka "DISA", and individual; REECE DEARDON, pka "SNOK", an individual; and HARRY MATTHEWS, pka "RENNEE", an individual,<br><br>Plaintiffs,<br><br>v.<br><br>VIVIENNE WESTWOOD LIMITED, a United Kingdom limited company; LATIMO S.A., an Italian Corporation; VIVIENNE WESTWOOD USA, a business entity of form unknown; VIVIENNE WESTWOOD S.R.L., an Italian Corporation; FARFETCH UK LIMITED, a United Kingdom Corporation; LYST INC., a | Case No. 2:25-cv-01221-CBM-SSC<br><br>**DEFENDANTS VIVIENNE WESTWOOD LIMITED, LATIMO S.A., AND VIVIENNE WESTWOOD S.R.L.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT** |

United Kingdom Corporation; and DOES 1-10, inclusive,

           Defendants.

Defendants Vivienne Westwood Limited, Latimo S.A., and Vivienne Westwood S.R.L. (collectively, the "Vivienne Westwood Defendants") hereby submit their answer to the allegations in the First Amended Complaint ("FAC") of Plaintiffs Cole Smith, Reece Deardon, and Harry Matthews (collectively, "Plaintiffs"). The paragraphs of the FAC are grouped under headings and subheadings that state legal conclusions as to which no response is required, and to the extent any response is required, the Vivienne Westwood Defendants deny any allegations contained within such headings or subheadings. Except as explicitly admitted herein, each and every allegation of the FAC is denied. The Vivienne Westwood Defendants further answer the numbered paragraphs of the FAC on personal knowledge as to their own activities, and on information and belief as to the activities of others, as follows:

### RESPONSE TO PLAINTIFFS' SUMMARY OF THE CASE

1. The Vivienne Westwood Defendants lack sufficient information to admit or deny the allegations in this paragraph and, therefore, those allegations are denied. To the extent the images contained within this paragraph purport to be pictures of Plaintiffs' artwork, the Vivienne Westwood Defendants demand strict proof thereof.

2. The Vivienne Westwood Defendants admit only that the images contained within this paragraph are images of Vivienne Westwood garments. All remaining allegations of this paragraph are denied.

3. The Vivienne Westwood Defendants deny the allegations of this paragraph.

4. The Vivienne Westwood Defendants deny the allegations of this paragraph.

5. The Vivienne Westwood Defendants deny the allegations of this paragraph.

6. The Vivienne Westwood Defendants deny the allegations of this paragraph.

COZEN O'CONNOR
601 S. FIGUEROA STREET, SUITE 3700
LOS ANGELES, CA 90017

7. The Vivienne Westwood Defendants deny the allegations of this paragraph.

**RESPONSE TO PLAINTIFFS' DESCRIPTION OF JURISDICTION AND VENUE**

8. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, the Vivienne Westwood Defendants admit that the Complaint purports to arise under Acts of Congress relating to copyrights, trademarks, and unfair competition. The Vivienne Westwood Defendants deny that they have committed any acts that violate any law.

9. The allegations of this paragraph are legal conclusions to which no response is required. To the extent this paragraph contains factual allegations, those allegations are denied and the Vivienne Westwood Defendants deny that any of them are subject to the personal jurisdiction of this Court.

**RESPONSE TO PLAINTIFFS' DESCRIPTION OF THE PARTIES**

10. The Vivienne Westwood Defendants lack sufficient information to admit or deny the allegations in this paragraph and, therefore, those allegations are denied.

11. The Vivienne Westwood Defendants lack sufficient information to admit or deny the allegations in this paragraph and, therefore, those allegations are denied.

12. The Vivienne Westwood Defendants lack sufficient information to admit or deny the allegations in this paragraph and, therefore, those allegations are denied.

13. The Vivienne Westwood Defendants admit that Vivienne Westwood Limited is a limited company formed in London, United Kingdom, but denies that Vivienne Westwood Limited's corporate headquarters is located in Los Angeles California. The Vivienne Westwood Defendants deny that Latimo S.A. is an Italian corporation, and denies that Latimo S.A. does business in this District. The Vivienne Westwood Defendants deny all allegations concerning "Vivienne Westwood USA", as that entity does not exist. The Vivienne Westwood Defendants admit that Vivienne Westwood S.R.L. is an Italian corporation, but denies that Vivienne Westwood S.R.L. does business in this District. The Vivienne Westwood Defendants admit Vivienne Westwood Limited and Vivienne Westwood S.R.L. are subsidiaries of the parent company Latimo S.A. Any remaining allegations in this paragraph are denied.

14. The Vivienne Westwood Defendants admit that Farfetch UK Limited is an online fashion retailer that has sold Vivienne Westwood products. The Vivienne Westwood Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph and, therefore, those allegations are denied.

15. The Vivienne Westwood Defendants admit that Lyst Inc. is an online fashion retailer that has sold Vivienne Westwood products. The Vivienne Westwood Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph and, therefore, those allegations are denied.

16. The Vivienne Westwood Defendants lack sufficient information to admit or deny the allegations in this paragraph and, therefore, those allegations are denied.

**RESPONSE TO PLAINTIFFS' GENERAL ALLEGATIONS**

17. The Vivienne Westwood Defendants lack sufficient information to admit or deny the allegations in this paragraph and, therefore, those allegations are denied. Denied that Plaintiffs were engaged in legal activity when allegedly creating any work or image.

18. The Vivienne Westwood Defendants lack sufficient information to admit or deny the allegations in this paragraph and, therefore, those allegations are denied. To the extent a response is required, The Vivienne Westwood Defendants deny that Plaintiffs have achieved "notoriety" within mainstream pop culture and deny any characterization of Plaintiffs' alleged "trademarks and tags".

19. The Vivienne Westwood Defendants lacks sufficient information to admit or deny the allegations in this paragraph and, therefore, those allegations are denied.

20. The Vivienne Westwood Defendants deny the allegations of this paragraph, and specifically deny that Plaintiffs have sustained any damages whatsoever.

21. The Vivienne Westwood Defendants deny the allegations of this paragraph.

22. The Vivienne Westwood Defendants deny the allegations of this paragraph, and specifically deny that Plaintiffs have sustained any damages whatsoever.

23. The Vivienne Westwood Defendants deny the allegations in this paragraph.

24. The allegations of this paragraph regarding alleged misappropriation and infringement are legal conclusions to which no response is required. To the extent this paragraph contains factual allegations, those allegations are denied.

25. The allegations of this paragraph regarding alleged misappropriation and infringement are legal conclusions to which no response is required. To the extent this paragraph contains factual allegations, those allegations are denied.

26. The Vivienne Westwood Defendants deny all allegations of this paragraph, and specifically deny that Plaintiffs have sustained any damages whatsoever.

27. The allegations of this paragraph include legal conclusions to which no response is required. To the extent this paragraph contains factual allegations, those allegations are denied, and the Vivienne Westwood Defendants specifically deny that Plaintiffs are entitled to any punitive or exemplary damages, or any other damages whatsoever.

28. The allegations of this paragraph include legal conclusions to which no response is required. To the extent this paragraph contains factual allegations, those allegations are denied, and the Vivienne Westwood Defendants specifically deny that Plaintiffs have sustained any damages. The Vivienne Westwood Defendants further deny that Plaintiffs are entitled to any preliminary or permanent injunction relief, or any relief whatsoever.

## THE VIVIENNE WESTWOOD DEFENDANTS DENY THE ALLEGATIONS IN PLAINTIFFS' FIRST CLAIM FOR RELIEF

29. This paragraph is a transition paragraph, and all previously asserted responses are incorporated as set forth herein at length.

30. The allegations of this paragraph include legal conclusions to which no response is required. To the extent this paragraph contains factual allegations, those allegations are denied.

31. The Vivienne Westwood Defendants deny the allegations of this paragraph.

32. The Vivienne Westwood Defendants deny the allegations of this paragraph.

33. The Vivienne Westwood Defendants deny the allegations of this paragraph.

34. The Vivienne Westwood Defendants deny the allegations of this paragraph.

35. The Vivienne Westwood Defendants deny the allegations of this paragraph.

DEFENDANTS VIVIENNE WESTWOOD LIMITED, LATIMO S.A., AND VIVIENNE WESTWOOD S.R.L.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

36. The allegations of this paragraph include legal conclusions to which no response is required. To the extent this paragraph contains factual allegations, those allegations are denied.

37. The allegations of this paragraph include legal conclusions to which no response is required. To the extent this paragraph contains factual allegations, those allegations are denied.

38. The Vivienne Westwood Defendants deny the allegations of this paragraph.

39. The allegations of this paragraph include legal conclusions to which no response is required. To the extent this paragraph contains factual allegations, those allegations are denied.

## THE VIVIENNE WESTWOOD DEFENDANTS DENY THE ALLEGATIONS IN PLAINTIFFS' SECOND CLAIM FOR RELIEF

40. This paragraph is a transition paragraph, and all previously asserted responses are incorporated as set forth herein at length.

41. The allegations of this paragraph include legal conclusions to which no response is required. To the extent this paragraph contains factual allegations, those allegations are denied.

42. The allegations of this paragraph include legal conclusions to which no response is required. To the extent this paragraph contains factual allegations, those allegations are denied.

43. The allegations of this paragraph include legal conclusions to which no response is required. To the extent this paragraph contains factual allegations, those allegations are denied.

44. The Vivienne Westwood Defendants deny the allegations of this paragraph.

45. The allegations of this paragraph include legal conclusions to which no response is required. To the extent this paragraph contains factual allegations, those allegations are denied.

46. The allegations of this paragraph include legal conclusions to which no response is required. To the extent this paragraph contains factual allegations, those allegations are denied.

47. The Vivienne Westwood Defendants deny the allegations of this paragraph.

## THE VIVIENNE WESTWOOD DEFENDANTS DENY THE ALLEGATIONS IN PLAINTIFFS' THIRD CLAIM FOR RELIEF

48. This paragraph is a transition paragraph, and all previously asserted responses are incorporated as set forth herein at length.

DEFENDANTS VIVIENNE WESTWOOD LIMITED, LATIMO S.A., AND VIVIENNE WESTWOOD S.R.L.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

49. The allegations of this paragraph include legal conclusions to which no response is required. To the extent this paragraph contains factual allegations, those allegations are denied.

50. The Vivienne Westwood Defendants deny the allegations of this paragraph.

## THE VIVIENNE WESTWOOD DEFENDANTS DENY THE ALLEGATIONS IN PLAINTIFFS' FOURTH CLAIM FOR RELIEF

51. This paragraph is a transition paragraph, and all previously asserted responses are incorporated as set forth herein at length.

52. The Vivienne Westwood Defendants admit only that California Civil Code § 3344(a) includes the language Plaintiffs have set forth in this paragraph. The Vivienne Westwood Defendants deny that they have committed any acts that violate California Civil Code § 3344(a) or any other law.

53. The allegations of this paragraph include legal conclusions to which no response is required. To the extent this paragraph contains factual allegations, those allegations are denied.

54. The Vivienne Westwood Defendants deny the allegations of this paragraph.

55. The Vivienne Westwood Defendants deny the allegations of this paragraph.

56. The Vivienne Westwood Defendants deny the allegations of this paragraph.

57. The Vivienne Westwood Defendants deny the allegations of this paragraph. This paragraph contains a demand for relief which does not contain any factual allegations to which a response is required. To the extend a response is required, the Vivienne Westwood Defendants deny that Plaintiffs are entitled to any relief whatsoever.

## THE VIVIENNE WESTWOOD DEFENDANTS DENY THE ALLEGATIONS IN PLAINTIFFS' FIFTH CLAIM FOR RELIEF

58. This paragraph is a transition paragraph, and all previously asserted responses are incorporated as set forth herein at length.

59. The allegations of this paragraph include legal conclusions to which no response is required. To the extent this paragraph contains factual allegations, those allegations are denied.

60. The Vivienne Westwood Defendants deny the allegations of this paragraph.

COZEN O'CONNOR
601 S. FIGUEROA STREET, SUITE 3700
LOS ANGELES, CA 90017

61.  The Vivienne Westwood Defendants deny the allegations of this paragraph. This paragraph contains a demand for relief which does not contain any factual allegations to which a response is required. To the extend a response is required, the Vivienne Westwood Defendants deny that Plaintiffs are entitled to any relief whatsoever.

**THE VIVIENNE WESTWOOD DEENDANTS DENY THE ALLEGATIONS IN PLAINTIFFS' SIXTH CLAIM FOR RELIEF**

62.  This paragraph is a transition paragraph, and all previously asserted responses are incorporated as set forth herein at length.

63.  The allegations of this paragraph include legal conclusions to which no response is required. To the extent this paragraph contains factual allegations, those allegations are denied.

64.  The allegations of this paragraph include legal conclusions to which no response is required. To the extent this paragraph contains factual allegations, those allegations are denied.

65.  The allegations of this paragraph include legal conclusions to which no response is required. To the extent this paragraph contains factual allegations, those allegations are denied.

66.  The allegations of this paragraph include legal conclusions to which no response is required. To the extent this paragraph contains factual allegations, those allegations are denied.

**THE VIVIENNE WESTWOOD DEFENDANTS DENY THE ALLEGATIONS IN PLAINTIFFS' SEVENTH CLAIM FOR RELIEF**

67.  This paragraph is a transition paragraph, and all previously asserted responses are incorporated as set forth herein at length.

68.  The allegations of this paragraph include legal conclusions to which no response is required. To the extent this paragraph contains factual allegations, the Vivienne Westwood Defendants admit only that Section 1202(a) of the Digital Millenium Copyright Act ("DMCA") includes the language Plaintiffs have set forth in this paragraph, and that Section 1202(b) forbids the intentional removal or alteration of copyright management information. The Vivienne Westwood Defendants deny the remaining factual allegations in this paragraph, as the apparel displayed in the FAC does not contain any copyright management information protected under the

DMCA, and the Vivienne Westwood Defendants have not committed any acts that violate Section 1202(a) of the Digital Millenium Copyright Act or any other law.

69. The allegations of this paragraph include legal conclusions to which no response is required. To the extent this paragraph contains factual allegations, those allegations are denied.

70. The allegations of this paragraph include legal conclusions to which no response is required. To the extent this paragraph contains factual allegations, the Vivienne Westwood Defendants.

71. The allegations of this paragraph include legal conclusions to which no response is required. To the extent this paragraph contains factual allegations, the Vivienne Westwood Defendants.

72. The Vivienne Westwood Defendants deny the allegations of this paragraph.

73. The allegations of this paragraph include legal conclusions to which no response is required. To the extent this paragraph contains factual allegations, those allegations are denied.

74. The allegations of this paragraph include legal conclusions to which no response is required. To the extent this paragraph contains factual allegations, those allegations are denied.

75. The Vivienne Westwood Defendants deny the allegations of this paragraph.

76. The allegations of this paragraph include legal conclusions to which no response is required. To the extent this paragraph contains factual allegations, those allegations are denied.

**PRAYER FOR RELIEF**

Defendants Vivienne Westwood Limited, Latimo S.A., and Vivienne Westwood S.R.L. oppose all relief requests by Plaintiffs.

**AFFIRMATIVE DEFENSES**

Defendants Vivienne Westwood Limited, Latimo S.A., and Vivienne Westwood S.R.L. assert the following defenses without prejudice to the denials in this Answer and without admitting any allegations of the FAC not otherwise admitted.

**FIRST AFFIRMATIVE DEFENSE**

The FAC fails to state a claim upon which relief may be granted.

///

**SECOND AFFIRMATIVE DEFENSE**

The Court lacks personal jurisdiction over Vivienne Westwood Limited, Latimo S.A., and Vivienne Westwood S.R.L. Vivienne Westwood Limited is a United Kingdom limited company based in London with its registered office address at Westwood Studios, 9-15 Elcho Street, London, SW11 4AU. Latimo S.A. is an Luxembourg sociedades anônimas with a principal address of 8, Rue du Marché aux Herbes, L-1728 Luxembourg. Vivienne Westwood S.R.L. is an Italian società a responsabilità limitata with a principal address of Corso Venezia 25, 20121 Milano, Italy. The Vivienne Westwood Defendants are all foreign entities. None of the Vivienne Westwood Defendants are incorporated in this District, or have their principal places of business in this District. Moreover, none of the Vivienne Westwood Defendants' connections with this District are sufficient to establish personal jurisdiction, and the alleged works at issue are located in the United Kingdom, not this District.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiffs have no damages under the claims at set forth, or in the alternative, no damages attributable to any action or inaction by Vivienne Westwood Limited, Latimo S.A., or Vivienne Westwood S.R.L., and have suffered no actual harm and/or irreparable harm.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the doctrine of fair use under 17 U.S.C. § 107, *inter alia*, as, to the extent valid copyrights exist in the works, the Vivienne Westwood Defendants' use of the works was transformative in nature, as it added new expression, meaning, or message to the original works.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, pursuant to the architectural works exception that is codified in 17 U.S.C. § 120(a), which states that the copyright in a constructed architectural work does not include the right to prevent the making, distributing, or public display of pictures, photographs, or other pictorial representations of the work, if the architectural work is located in or ordinarily visible from a public place. The graffiti at issue in Plaintiffs' FAC only appeared on walls of architectural works which Plaintiffs did not own and which are publicly

visible. Therefore, even if Plaintiffs' alleged copyright rights are valid, any claims that Vivienne Westwood's actions amount to copyright infringement are legally precluded.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs transferred ownership of the works at issue to the owner of the architectural works that such work was painted onto. Plaintiffs gave away their right to enforce copyright rights when they painted the works onto buildings without authorization. The only entity who could therefore maintain a claim of copyright infringement for the works are the owners of the buildings.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from asserting their claims, in whole or in part, due to unclean hands. Plaintiffs' claims arise, in whole or in part, out of or in connection with Plaintiffs' wrongful conduct of applying graffiti to the walls of architectural works without the required consent of the property owners.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from asserting their claims, in whole or in part, due to laches, estoppel, and/or acquiescence.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from obtaining statutory damages and attorneys' fees because such fees are not recoverable under the claims as asserted.

### TENTH AFFIRMATIVE DEFENSE

The FAC, and each purported cause of action therein, is barred, in whole or in part, to the extent that Plaintiffs have failed to join in this action all necessary, interested and/or indispensable parties.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent they are based on actions that occurred outside the state of California or outside of the United States.

///

///

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiffs' claim for relief under Section 42(a) of the Lanham Act (15 U.S.C. § 1125(a)) is barred, in whole or in part, as Plaintiffs do not allege they use their names and signatures in the United States, and the Lanham Act protects trademarks used in U.S. commerce.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, as the Vivienne Westwood Defendants undertook all actions innocently, in good faith, and without malice of willfulness, as the works at issue appeared to be in the public domain as they were displayed publicly and without any owner identified.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs are not entitled to preliminary and/or permanent equitable relief, including but not limited to a preliminary and/or permanent injunction.

**RESERVATION OF RIGHTS**

Defendants Vivienne Westwood Limited, Latimo S.A., and Vivienne Westwood S.R.L. reserve their right to amend their Answer and Affirmative Defenses as discovery proceeds and as additional facts are learned.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants Vivienne Westwood Limited, Latimo S.A., and Vivienne Westwood S.R.L. respectively request the following relief:

A. That Plaintiffs' FAC be dismissed in its entirety with prejudice, and judgment on the FAC be entered against Plaintiffs and in favor of Vivienne Westwood;

B. A judgment denying any preliminary and permanent injunctive relief sought by Plaintiffs;

C. That Vivienne Westwood be awarded their attorneys' fees, costs, disbursements, and interests on the FAC; and

D. That the Court award such other and further relief as may be just and proper.

Date: July 30, 2025

COZEN O'CONNOR

By: *s/Nathan Dooley*
Nathan Dooley (Ca Bar No. 224331)
COZEN O'CONNOR
601 S. Figueroa Street, Suite 3700
Los Angeles, CA 90017
Tel: (213) 892-7933
Fax: (213) 892-7999
NDooley@cozen.com

Barry Golob (*Pro Hac Vice* Forthcoming)
COZEN O'CONNOR
1200 19th Street NW
Washington, DC 20036
Tel: (202) 912-4815
Fax: (202) 618-4843
BGolob@cozen.com

David Stahl (*Pro Hac Vice* forthcoming)
COZEN O'CONNOR
200 South Biscayne Blvd., Suite 3000
Miami, FL 33131
Tel: (305) 397-0807
Fax: (305) 704-5955
DStahl@cozen.com

Madison McNulty (*Pro Hac Vice* forthcoming)
COZEN O'CONNOR
1650 Market St, Suite 2800
Philadelphia, PA 19103
Tel: (215) 665-5562
Fax: (215) 665-2013
MMcNulty@cozen.com

*Attorneys for Defendants Vivienne Westwood Limited, Latimo S.A., and Vivienne Westwood S.R.L.*

DEFENDANTS VIVIENNE WESTWOOD LIMITED, LATIMO S.A., AND VIVIENNE WESTWOOD S.R.L.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

## DEMAND FOR JURY TRIAL

Defendants Vivienne Westwood Limited, Latimo S.A., and Vivienne Westwood S.R.L. demand a trial by jury for all claims.

Date: June 30, 2025

COZEN O'CONNOR

By: *s/Nathan Dooley*
Nathan Dooley (Ca Bar No. 224331)
COZEN O'CONNOR
601 S. Figueroa Street, Suite 3700
Los Angeles, CA 90017
Tel: (213) 892-7933
Fax: (213) 892-7999
NDooley@cozen.com

Barry Golob (*Pro Hac Vice* Forthcoming)
COZEN O'CONNOR
1200 19th Street NW
Washington, DC 20036
Tel: (202) 912-4815
Fax: (202) 618-4843
BGolob@cozen.com

David Stahl (*Pro Hac Vice* forthcoming)
COZEN O'CONNOR
200 South Biscayne Blvd., Suite 3000
Miami, FL 33131
Tel: (305) 397-0807
Fax: (305) 704-5955
DStahl@cozen.com

Madison McNulty (*Pro Hac Vice* forthcoming)
COZEN O'CONNOR
1650 Market St, Suite 2800
Philadelphia, PA 19103
Tel: (215) 665-5562
Fax: (215) 665-2013
MMcNulty@cozen.com

*Attorneys for Defendants Vivienne Westwood Limited, Latimo S.A., and Vivienne Westwood S.R.L.*

DEFENDANTS VIVIENNE WESTWOOD LIMITED, LATIMO S.A., AND VIVIENNE WESTWOOD S.R.L.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT